UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

FRANKLIN DUTRA DE OLIVEIRA, A-215-721-440,

Petitioner,

v.

WARDEN,

Respondent.

No. 1:26-cv-04876-DJC-CKD P

FINDINGS & RECOMMENDATIONS

Petitioner is detained by Immigrations and Customs Enforcement ("ICE") and filed a motion to enforce judgment which is referred to the undersigned for these findings and recommendations. (ECF Nos. 23, 24.) Petitioner subsequently filed two other motions to enforce judgment. (ECF No. 27, 30.) Respondent's response is also before the court. (ECF No. 29.) For the reasons set forth below, petitioner's motions to enforce judgment and other pending motions should be denied.

**I. Background**

Petitioner filed the petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on June 15, 2026. (ECF No. 1.) On July 16, 2026, the presiding district court judge granted the petition and ordered that petitioner receive, within fourteen days,

> a bond hearing before a neutral arbiter pursuant to section 1226(a) and its implementing regulations, at which Petitioner's eligibility for bond must be considered.

(ECF No. 16 at 2.)

On July 28, 2026, an immigration judge (IJ) held the hearing and denied bond. (ECF No. 29-1.) The IJ denied bond based on a finding that petitioner presented a danger to the community. (Id. at 1.) Both parties waived appeal. (Id. at 2.)

Petitioner's motions to enforce judgment indicate he disagrees with the IJ's decision denying bond. (ECF No. 23, 27, 31.) Respondent argues petitioner's motion to enforce judgment should be denied because the IJ correctly denied bond. (ECF No. 29 at 1.)

**II. Legal Standard**

"When a district court issues a conditional habeas writ, it retains jurisdiction to determine compliance." Rose v. Guyer, 961 F.3d 1238, 1246 (9th Cir. 2020) (citation omitted). This includes the authority to review the IJ's decision for an abuse of discretion and to evaluate whether the standard imposed by the Court's prior order was properly applied at the bond hearing. Martinez v. Clark, 124 F.4th 775, 784-85 (9th Cir. 2024) (explaining abuse of discretion review does not involve reweighing evidence but instead determining whether the IJ applied the correct legal standard).

**III. Discussion**

**A. Exhaustion**

It appears petitioner did not appeal the outcome of the bond hearing to the BIA. Normally, "[a]s a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Because petitioner seeks to enforce the court's prior judgment for a habeas petition seeking relief pursuant to 28 U.S.C § 2241, the court should waive the prudential exhaustion requirement as to the determination whether the IJ complied with the court's order. See Cervantes v. Warden, No. 1:26-CV-00640-KES-CDB (HC), 2026 WL 2150777, at *2 (E.D. Cal. July 27, 2026).

**B. Petitioner's Challenge to Bond Hearing**

The Digital Audio Recording (DAR) of the bond hearing reflects the IJ found petitioner would present a danger to the community if released based on petitioner's prior arrests and

criminal history. (ECF No. 28.) At the hearing on July 28, 2026, the IJ asked petitioner to explain why bond should be granted in light of his criminal history and petitioner gave his testimony. (DAR 12:34-18:25.) The IJ denied bond, finding petitioner was a danger to the community. (DAR 18:27.) The IJ concluded there was evidence of danger to the community if petitioner were released because petitioner had a DUI conviction and a DUI arrest within the last two years. (DAR 18:48-19:00.)

An IJ has broad discretion to consider a number of factors to determine whether the detainee merits release on bond. Matter of Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006). The non-exhaustive factors include the following: whether the person has a fixed address in the United States; length of residence; family ties and their connection to available immigration relief; employment history; record of appearance in court; criminal record "including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses"; history of immigration violations; attempts to flee; and manner of entry to the United States. Id.

In assessing dangerousness, "criminal history alone will not always be sufficient to justify denial of bond on the basis of dangerousness." Singh v. Holder, 638 F.3d 1196, 1206 (9th Cir. 2011), abrogated on other grounds in Jennings v. Rodriguez, 583 U.S. 281 (2018). Rather an immigration judge "must also consider the recency and severity of the offenses." Id. Under BIA case law, immigration judges may properly "consider not only the nature of a criminal offense but also the specific circumstances surrounding [the] conduct," Matter of Siniauskas, 27 I&N Dec. 207, 208-09 (BIA 2018), as well as any unfavorable evidence of conduct, "including arrests that did not ultimately result in conviction." Matter of Urena, 25 I&N Dec. 140, 140 (BIA 2009).

The IJ committed no abuse of discretion in finding petitioner is a danger to the community based on the recency and severity of petitioner's criminal history. See In Re Guerra, 24 I. & N. Dec. at 40. Petitioner's disagreement is with how the IJ weighed the evidence, but this court may not second guess the IJ's weighing of the evidence. See Martinez, 124 F.4th at 784. Complaints about the weight of specific pieces of evidence and the ultimate conclusion the IJ reached must be presented through the normal immigration appeal process. See Valenzuela v. Semaia, Case No. 5:25-cv-02853-SSS-RAO, 2025 WL 4041920, at *2 (C.D. Cal. Dec. 10, 2025) ("Although

Petitioner may disagree with the outcome of the IJ's determination at the bond hearing, this Court does not have jurisdiction to sit as an appellate body over this issue."). Petitioner fails to show the IJ's decision denying bond was an abuse of discretion, and there is no basis for the court to find respondent failed to comply with the court's prior order. Accordingly, the motion to enforce should be denied.

Additionally, since this case is closed, other pending motions should be denied. The interests of justice do not require appointment of counsel at this time. See 18 U.S.C. § 3006A(a)(2)(B); see also Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

**IV. Recommendation**

For the reasons set forth above, IT IS RECOMMENDED as follows:

1. Petitioner's motion to appoint counsel (ECF No. 21) be denied.
2. Petitioner's motions to enforce judgment (ECF Nos. 23, 27, 30) be denied.
3. Respondent's motion to dismiss (ECF No. 20) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen (14) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed and served within seven (7) days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: September 29, 2026

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

8 dutr4867.mte